UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JILLIAN RUTH K.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-5979 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

    Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the Administrative Law Judge (ALJ) erred by (1) finding her foot and ankle condition "non-severe" at step two, (2) rejecting her testimony, (3) rejecting the medical opinion of Dr. Abel, and (4) rejecting lay witness testimony by Ms. Toler. Dkt. 12. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

### BACKGROUND

    Plaintiff is 39 years old, has at least a high school education, and has worked as a home attendant. Admin. Record (AR) 37–38. On January 20, 2020, Plaintiff applied for benefits, alleging disability as of July 17, 2019. AR 93–94, 111–12, 134, 157. Plaintiff's applications were denied initially and on reconsideration. AR 109, 127, 155, 179. After the ALJ conducted a

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

hearing on September 16, 2021, where Plaintiff amended her alleged onset date to January 8, 2020, the ALJ issued a decision finding Plaintiff not disabled. AR 12–92.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**1.     Step Two**

Plaintiff contends the ALJ erred by finding her foot and ankle condition non-severe at step two. Dkt. 12 at 2–4.

At step two of the sequential evaluation, the Commissioner must determine "whether the claimant has a medically severe impairment or combination of impairments." *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment is not severe if it is merely "a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The claimant has the burden of showing that he or she has a medically determinable physical or mental impairment, and the medically determinable impairment is severe. *See Bowen v. Yuckert,* 482 U.S. 137, 146 (1987).

Here, the ALJ found Plaintiff's bilateral foot corns calluses, keratosis, tenosynovitis, hammertoes, and short Achilles' tendons were non-severe medically determinable impairments. AR 18. In doing so, the ALJ noted Plaintiff's foot x-rays showed no signs of foot fractures or dislocations, her ankles were in alignment with equal and symmetrical range of motion, and her toes and ankles treated with orthotics and braces. AR 18 (citing AR 700, 1157, 1163, 1166–67, 1176). Plaintiff argues the ALJ's finding disregarded treatment notes stating she had difficulty standing and ambulating, and that she needed physical therapy. *See* AR 1221, 1268. Plaintiff further supports her argument by pointing to a questionnaire completed by physical therapist Ms. Hess, who opined in May 2021 that Plaintiff is able to stand for less than an hour and sit for four to six hours based on her feet condition. AR 1268–69.

Plaintiff correctly points out the ALJ did not discuss these treatment notes and Ms. Hess's medical opinion at step two, but fails to establish this was a harmful omission by the ALJ. A claimant cannot be prejudiced by failure to consider a particular impairment severe at step two as long as the ALJ finds the claimant has at least one severe impairment, and still addresses the non-severe impairment when considering the claimant's residual functional capacity (RFC). *Buck v. Berryhill*, 869 F.3d 1040, 1048–49. (9th Cir. 2017) (citing *Molina*, 674 F.3d at 1115). Here, the ALJ determined Plaintiff had at least one severe impairment and proceeded to address the symptoms and impairments reflected in the treatment notes and Ms. Hess's medical opinion at the RFC stage. AR 24–33. The question then becomes whether the ALJ properly rejected or included limitations arising from those records in assessing Plaintiff's RFC. *See* AR 24–33.

The Court finds the ALJ permissibly discounted Plaintiff's foot and ankle symptoms. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson*

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

*v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).  Here, the ALJ noted Plaintiff typically had a normal or only slightly antalgic gait, demonstrated increased lower extremity strength, reported a low level of low extremity pain, and was able to walk two miles a day, walk without a cane, and meet her physical therapy goals.  *See* AR 681, 720, 763, 857, 884, 893, 909, 995, 1014, 1200, 1237–38, 1254–55, 1262–63, 1284, 1294.

The ALJ also permissibly found Ms. Hess's opinion unpersuasive as it was unsupported by her own notations, namely that she had not actually tested Plaintiff's ability to sit.  *See* AR 1269.  Further, Ms. Hess's proposed limitations based on Plaintiff's feet impairment were inconsistent with Plaintiff's own reports of little or low level of difficulties with her lower extremity functioning and Ms. Hess's treatment notes from around the same time stating Plaintiff's feet were doing well, though she had some discomfort.  *See* AR. 1254–55, 1262–64.  The ALJ's reasons for rejecting Ms. Hess's opinion are valid and supported by the record.  *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) ("The most important factors" that the agency considers when evaluating the persuasiveness of medical opinions are "supportability" and "consistency."); 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

Given that the cited evidence undermined the severity of Plaintiff's foot and ankle symptoms, and given that Ms. Hess's opinion lacked supportability and consistency, the Court determines Plaintiff has failed to show the ALJ harmfully erred at step two.

Plaintiff also suggests that by failing to find her foot and ankle condition severe, the ALJ failed to incorporate limitations related to these conditions in his RFC assessment.  Dkt. 12 at 4.  But as indicated above, step two and the RFC assessment concern different aspects of the disability evaluation.  The step two inquiry "is not meant to identify the impairments that should be taken into account when determining the RFC."  *Buck*, 869 F.3d at 1048–49.  At the RFC

phase, the ALJ must consider the claimant's limitations from all impairments, including those that are not severe. *Id.* at 1049. As discussed, the ALJ did so here and properly assessed evidence relating to Plaintiff's foot and ankle condition. The Court, therefore, rejects Plaintiff's argument.

### 2. Plaintiff's Testimony

Plaintiff contends the ALJ erred by rejecting her testimony. Dkt. 12 at 4–6. Plaintiff's argument focuses on the ALJ's evaluation of her testimony about the side effects of her medication, therefore the Court will only consider the ALJ's evaluation of this portion of Plaintiff's testimony. *Carmickle*, 533 F.3d at 1161 n.2 (noting that the Court will not address an issue that is not argued with "any specificity" in a plaintiff's opening brief).

During the hearing, Plaintiff testified that when on her pain medication, she is not able to focus, and she feels "spaced out. AR 69. Plaintiff also testified that within hours after taking her medication, she feels fatigued and has to lay down. *Id*.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In this case, the ALJ rejected Plaintiff's testimony regarding the side effects of her medication because it was inconsistent with her longitudinal record. AR 29. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence. *See*

*Carmickle*, 533 F.3d at 1161 (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). Here, the ALJ cited to treatment notes showing Plaintiff was typically alert and awake. *See* AR 681, 700, 720, 755, 763, 825, 882, 884, 902, 906, 967, 973, 1011, 1014. These records also indicate—and Plaintiff has not shown otherwise—that Plaintiff was actively taking her medication during this time. *See* AR 679–81, 698–700, 718–20, 753–54, 762–63, 824–25, 883–84, 898–909, 966–67, 1013–14. One treatment note specifically states Plaintiff reported tolerating her pain medication well. *See* AR 973. Observations of Plaintiff's alert and awake orientation while being on her medication directly contradicts Plaintiff's testimony regarding the side effects she endures when taking her medication. Accordingly, the Court finds the ALJ did not err in rejecting Plaintiff's testimony based on her medical record.

The ALJ also rejected Plaintiff's testimony for other reasons, but because the ALJ has provided at least one valid reason, supported by substantial evidence to do so, the Court need not address whether the other reasons also qualify. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's credibility is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

### 3. Medical Opinion Evidence

Plaintiff contends the ALJ erred by rejecting Dr. Abel's medical opinion. Dkt. 12 at 6–7.

Dr. Abel wrote in a May 2021 email to Plaintiff, "Generally[,] resting with your legs up is advised with the compression stockings as well." AR 1267. The ALJ rejected Dr. Abel's statement, finding there was no evidence showing Plaintiff was medically required to do so for 12 continuous months, or that Plaintiff is required to recline while doing so. AR 34.

The Court notes that under the regulations, "[a] medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and

whether [the claimant] ha[s] one or more impairment-related limitations or restrictions" in his or her ability to perform physical, mental, and other demands of work. *See* 20 C.F.R. §§ 404.1513, 416.913. Dr. Abel's email, which was a response to Plaintiff's question as to whether it is a good plan to elevate her legs throughout the day, does not meet the regulations' definition, as it fails to provide any limitations as to what Plaintiff is able to do despite her impairments. *See* AR 1267. Accordingly, there were no functional limitations to which Dr. Abel stated that the ALJ failed to reject or incorporate into Plaintiff's RFC. Thus, even if the ALJ's treatment of Dr. Abel's statement was erroneous, such error is harmless. *See Molina*, 674 F.3d at 1115 (explaining that "an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion'") (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)).

**4. Lay Witness Testimony**

Ms. Toler, Plaintiff's mother, submitted a function report, stating Plaintiff cannot stand or sit for long periods of time, lift heavy items, bend over, and is often tired and gets sidetracked. AR 334. She also indicated Plaintiff has difficulties with squatting, walking, kneeling, talking, stair climbing, seeing, remembering, using her hands, and getting along with others. AR 339.

The question of how the revised regulations impact an ALJ's obligations with regard to lay witness testimony has yet to be addressed by the Ninth Circuit. In this Court's view, sections 404.1520c(d) and 416.920c(d) provide that an ALJ is not required to evaluate non-medical evidence, such as lay-witness statements, using the factors set forth in 20 C.F.R. §§ 404.920c(a)-(c), 416.920c(a)-(c). The new regulations do not unambiguously eliminate the requirement to evaluate lay witness testimony at all. *See Heather P. v. Kijakazi*, No. 3:20-cv-1978-SI, 2022 WL 1538654, at *8 (D. Or. May 16, 2022) ("[T]he new regulations do not to do away with the ALJ's

obligation to address lay witness testimony altogether. Instead, it only clarifies that the ALJ does not need to use the new standards for evaluating medical opinion evidence when evaluating non-medical source lay testimony."); *see also Joseph M. R. v. Comm'r of Soc. Sec.*, No. 3:18-cv-01779-BR, 2019 WL 4279027, at *12 (D. Or. Sept. 10, 2019) ("Although § 404.1520c(d) states the Commissioner is 'not required to articulate how we consider evidence from nonmedical sources' using the same criteria for medical sources, it does not eliminate the need for the ALJ to articulate his consideration of lay-witness statements and his reasons for discounting those statements."). However, "the Ninth Circuit has suggested that its pre-2017 standard requiring 'germane' reasons to reject lay witness testimony applies to an ALJ's evaluation of lay witness testimony post-2017." *Cody K. v. Comm'r of Soc. Sec.*, No. C22-5288 TLF, 2023 WL 315240, at *5 (W.D. Wash. Jan. 19, 2023) (citing *Weitman v. Kijakazi*, No. 21-35748, 2022 WL 17175060, at * 4 n. 4 (9th Cir. Nov. 23, 2022) (finding the ALJ "provided a sufficient, germane reason for rejecting the lay testimony from [claimant's] family and friends and his high school: inconsistency with the medical record.").

In this case, the ALJ rejected Ms. Toler's statements for several reasons, one of which is valid and supported by substantial evidence. Specifically, the ALJ found Ms. Toler's statements inconsistent with Plaintiff's medical record. AR 36. The evidence the ALJ relied on shows Plaintiff typically had normal strength in her legs with steady gait, even when unassisted, though there was some tenderness to her hip's range of motion. AR 681, 720, 763, 909, 1200, 1280, 1284, 1294. The ALJ also highlighted Plaintiff's typically normal mental status and behavior, and generally intact mental functioning. *See* AR 446, 681, 700, 720, 755, 763, 825, 836–38, 882, 884, 902, 906, 909, 967, 973–74, 977, 1011, 1014, 1199, 1204. The cited evidence also shows Plaintiff's reports of improvement from her treatments for both her physical and mental health

symptoms. AR 714 ("showed improved depression and anxiety," "Feels all meds are managed well at this time with no questions"), 893 ("feels more steady with walking," "has been more physically active"), 982 ("patient is very pleased with improvement of back pain . . . feels she is able to do more chores around the house and feels each month is getting better"), 1012, 1173, 1219 ("[d]oing well considering multiple stressors in her life"), 1241 ("she states her feet are feeling better"), 1249 ("states her feet are doing pretty well," "her feet are improving and today she had minimal pain").

The ALJ's assessment of Plaintiff's record is supported by substantial evidence. That Plaintiff's physical and mental examinations showed normal findings, and that Plaintiff herself reported improvement from medication and therapy undermines Ms. Toler's statements about Plaintiff's physical and mental difficulties. Therefore, the ALJ could reasonably reject Ms. Toler's statements for their inconsistencies with Plaintiff's medical record. The ALJ also provided other reasons to reject Ms. Toler's statements, but because the ALJ provided at least one valid reason, supported by substantial evidence to do so, the Court need not assess those other reasons as they would be nonetheless rendered harmless. *See Carmickle*, 533 F.3d at 1162. In sum, the Court finds the ALJ did not err in rejecting Ms. Toler's statements.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 26th day of June, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE